GIERKE, Chief Judge
(concurring in part and dissenting in part):
The bottom line is that I agree with the majority as to both reasoning and result to affirm only Appellant’s guflty plea to Charge I and its sole specification. Therefore, I concur in part.
But with respect to the three Child Pornography Prevention Act (CPPA) offenses all in Charge II, I disagree with the majority as to either its reasoning (Charge II, specifications 1 and 2) or to both its reasoning and result (Charge II, specification 3). So I also respectfully dissent in part.
The result that I reach is not so different from the majority, but the judicial path to resolve this case is both different and important. As we agree to the disposition as to Charge I, I focus only on the three specifications under Charge II.
In United States v. Martinelli,[1]I concluded that the CPPA has extraterritorial application. I disagree with the conclusion that the Congress that enacted the CPPA did not intend it to apply extraterritorially to reach the actions of a servieemember when he possesses, receives, and produces child pornography[2] merely because he is outside the territorial boundaries of the United States.
Also as I stated in Martinelli, I do not read the language in Bowman[3] as narrowly as does the majority.[4] I believe that to do so, the majority incorrectly interprets the underlying rationale of the exception to the presumption against extraterritoriality and *97 also misevaluates the nature and impact of the offenses in this case. Given the limitless boundaries of cyberspace, child pornography over the Internet is just the type of offense to which the exception to the presumption against extraterritoriality should apply.
And, as I fully discussed in Martinelli,[5] interpreting the plain language of the statute, its legislative history, and the comprehensiveness of the scheme of the entire statute, I believe Congress clearly meant the CPPA to reach the acts of a United States servicemember who possesses and receives child pornography on a U.S. military base in Germany. For the same reasons, I believe Congress intended the statute to reach Appellant’s offense of involving young German girls in the production of child pornography that occurred off-base in Germany.
Additionally, § 2260 clearly pertains to the production of child pornography with the intent to import that pornography into the United States. Under that statute, the Government is required to prove the additional element of intent to import the child pornography into the United States in order to prosecute an accused. Thus, I am not persuaded by the majority’s argument that § 2260 eliminates the need to decide if § 2251(a) applies extraterritorially to cover Appellant’s act of producing a visual depiction of a minor engaged in sexually explicit conduct.[6] Rather, I believe that § 2251(a) reaches Appellant’s CPPA-based offenses in this case precisely because it does have extraterritorial application.
As I conclude that the three CPPA-based specifications under which Appellant was charged extend to Appellant’s criminal conduct in Germany, I respectfully dissent in part. Having established this point, Appellant’s guilty plea to all three CPPA-based offenses under Charge II initially appears provident. But, unlike the majority, I view Appellant’s guilty pleas to the possessing and receiving pornography (Charge II, specifications 1 and 2) to be improvident in light of the Supreme Court’s decision in Ashcroft v. Free Speech Coalition.'[7] This conclusion results in my agreeing with the majority’s decision to remand the specifications, but for the different reason I have stated.
As to specification 3 of Charge II, I disagree with the majority that Appellant’s guilty plea is provident only to the lesser included offense. I view Appellant’s plea to the charged offense provident because the constitutionally-objectionable “child pornography” language is not included in that specification. Therefore, I would affirm Appellant’s guilty plea to this offense.
In summary, I concur with the disposition of Charge I and the majority’s result in addressing Charge II, specifications 1 and 2. I dissent from the disposition of Charge II, specification 3.

. 62 M.J. 52, 52-62 (C.A.A.F.2005) (Gierke, C.J., concurring in part and dissenting in part).

. Section 2252A(a)(2) of Title 18 of the U.S.Code proscribes the knowing receipt of child pornography, 18 U.S.C. § 2252A(a)(5) prohibits the knowing possession of child pornography, and 18 U.S.C. § 2251(a) makes it a crime to use a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

. United States v. Bowman, 260 U.S. 94, 96, 43 S.Ct. 39, 67 L.Ed. 149 (1922).

. See Martinelli, 62 M.J. at 54-57 (Gierke, C.J., concurring in part and dissenting in part).

. Id., at 57-62 (Gierke, C J., concurring in part and dissenting in part).

. See United States v. Reeves, 62 M.J. at 93 (C.A.A.F.2005).

. 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002).